**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DEMETRIUS TAYLOR,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **Case number 4:08cv1305 CDP** |
| | ) | **TCM** |
| **STEVE LARKINS,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## MEMORANDUM AND ORDER

This 28 U.S.C. § 2254 action is before the undersigned on the motion of petitioner, Demetrius Taylor, for an evidentiary hearing on his claims of ineffective assistance of trial counsel. [Doc. 4]

Petitioner was found guilty following a jury trial of first degree robbery and armed criminal action. (Pet'n at 1.) His post-conviction motion was denied without an evidentiary hearing. Taylor v. State, 249 S.W.3d 241, 241 (Mo. Ct. App. 2008) (per curiam). He seeks an evidentiary hearing in this court on his seven claims of ineffective assistance of trial counsel. Respondent has been ordered to show cause on or before October 31, 2008, why Petitioner should not be granted habeas relief.

The circumstances under which this court may hold an evidentiary hearing in a § 2254 case are severely restricted. See 28 U.S.C. § 2254(e)(2). "To overcome this hurdle a petitioner must show that the claim involves a new rule of constitutional law made retroactive to his situation, or facts that could not have been discovered by due diligence, or sufficient facts to establish constitutional error by clear and convincing evidence." **Hall v. Luebbers**,

296 F.3d 685, 700 (8th Cir. 2002) (citing § 2254(e)(2)).  The proceedings are at too early a stage to determine if Petitioner's claims may overcome the hurdle.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion for an Evidentiary Hearing is **DENIED** without prejudice.  [Doc. 4]

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 24th day of September, 2008.